UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re CASA COLONIAL LIMITED
PARTNERSHIP,

    Debtor,
_____/

KEITH MITAN,

    Appellant,

v.

COLLENE K. CORCORAN,

    Appellee.
_____/

Case No. 07-14020
Honorable Patrick J. Duggan

Ch. 7 Case No. 03-31410

VISURON LIMITED PARTNERSHIP,

    Appellant,

v.

COLLENE K. CORCORAN,

    Appellee.

Case No. 07-13895
Honorable Patrick J. Duggan

Ch. 7 Case No. 03-31410

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 12, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

The above-captioned matters come to this Court on appeal from the United States

Bankruptcy Court for the Eastern District of Michigan. In Civil Action No. 07-14020,

Keith Mitan appeals an Amended Order Awarding Sanctions and an Order Denying

Motion for Reconsideration of Amended Order Awarding Sanctions entered by United

States Bankruptcy Court Judge Daniel S. Opperman on May 23 and September 6, 2007, respectively. In Civil Action No. 07-13895, Visuron Limited Partnership ("Visuron"), represented by Keith Mitan, appeals the following orders entered by Judge Opperman:

> (1) Order Granting Motion to Determine that All Causes of Action for Rents, Contractual Breaches, and Interference with Contractual Relationships, Belong to the Bankruptcy Estate, dated May 23, 2007;
>
> (2) Order Denying Motion for Reconsideration of the above order, dated September 6, 2007;
>
> (3) Order Allowing Compromise of Claim with JEM Investors, LLC, dated May 4, 2007;
>
> (4) Order Denying Motion for Reconsideration of the above order, dated September 6, 2007.

For the reasons that follow, the Court affirms Judge Opperman's decisions.

**I.     Standard of Review**

The bankruptcy court's findings of fact are reviewed under the clearly erroneous standard. *In re Eastown Auto Co.*, 215 B.R. 960, 963 (B.A.P. 6th Cir. 1998) (citing FED. R. BANKR. P. 8013). The bankruptcy court's conclusions of law are reviewed de novo. *Id.* at 964 (citing *Nicholson v. Isaacman*, 23 F.3d 629 (6th Cir. 1994)). This means that the reviewing court must decide legal issues as if the issues had not been decided before. *Id.* (citing *In re Downs*, 103 F.3d 472). No deference is granted to the bankruptcy court's legal conclusions. *Id.* (citing *Razavi v. Comm'r*, 74 F.3d 125 (6th Cir. 1996)).

**II.    Background**

On December 1, 1994, Miprocom LLP purchased, via land contract, the Colonial

Shopping Center ("Shopping Center") in Port Huron, Michigan, from the Charles Barrett Trust and Pine Grove Corporation (hereafter "land contract vendors"). Miprocom thereafter assigned its interest in the Shopping Center to Casa Miproeast ("Miproeast"), which then assigned its interest to Debtor Casa Colonial Limited Partnership ("Case Colonial"). On March 13, 2001, Casa Colonial assigned its interest in the Shopping Center to Visuron. Teresa Mitan serves as President of Casa Colonial and Visuron and she is a partner in Miproeast.

On January 24, 2001, prior to Casa Colonial's assignment to Visuron, the land contract vendors sent a land contract forfeiture notice to Miprocom. According to the Forfeiture Notice, principal and interest were outstanding on the land contract, taxes had not been paid, and Miprocom had failed to sign an addendum to the land contract in accordance with a stipulation in an unrelated state court case. On February 21, 2001, the land contract vendors filed summary proceedings against Miprocom, Miproeast, and Casa Colonial in state court to recover possession of the Shopping Center as a result of the defendants' failure to perform under the land contract. That same day, a summons was issued to the defendants to appear in court for eviction proceedings on March 19, 2001. On March 6, 2001, a notice of *lis pendens* was recorded in the St. Clair County Register of Deeds.

On July 18, 2001, finding that the defendants had materially breached the land contract, the state court entered a Judgment of Possession After Land Contract Forfeiture. Pursuant to the judgment, the defendants had 90 days, or until October 16, 2001, to cure

the breach. The judgment provided that if the defendants failed to cure the breach by the time allotted, an order of eviction may be issued. The defendants thereafter appealed, to no avail, to the St. Clair County Circuit Court, Michigan Court of Appeals, and Michigan Supreme Court.

On February 14, 2003, immediately after the Michigan Supreme Court denied the defendants' leave to appeal, Casa Colonial, by its attorney Keith Mitan, filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of Michigan. Mr. Mitan also represented the defendants in the state court forfeiture proceedings and is Teresa Mitan's son. The bankruptcy proceeding was dismissed on March 27, 2003, due to Casa Colonial's failure to file schedules or statements of financial affairs. Casa Colonial, again by Mr. Mitan, filed a second Chapter 11 proceeding on April 4, 2003, which the bankruptcy court thereafter converted to a Chapter 7 proceeding. Collene K. Corcoran was appointed as the Bankruptcy Trustee and she retained attorney David R. Shook to represent her.

On June 17, 2003, Visuron and Miproeast, also represented by Mr. Mitan, filed an adversarial proceeding against the Trustee, individually and in her official capacity (A.P. 03-3104). In their Complaint, Visuron and Miproeast sought a declaratory judgment that Casa Colonial transferred its land contract rights to Visuron in 2001 and that, therefore, the land contract was not property of the bankruptcy estate (Count I). Visuron and Casa Colonial subsequently filed a Third Amended Complaint adding Mr. Shook as a defendant and three counts: "fraudulent conveyance" (Count II), "turnover of funds"

4

(Count III), and tortious interference with contractual relations (Count IV).[1]

The Trustee thereafter filed a Counter-Complaint and a Third-Party Complaint against Teresa Mitan and Keith Mitan. Mr. Mitan responded with a Third-Party Counter-Complaint alleging defamation against Mr. Shook and the Trustee, the latter individually and in her official capacity.

On April 23, 2005, Mr. Shook and the Trustee filed a Notice of Intent to Seek Sanctions Against Keith Mitan in the Chapter 7 proceedings. In this notice, Mr. Shook and the Trustee indicated that they were seeking sanctions against Mr. Mitan under Bankruptcy Rule 9011 for filing a pleading for an improper purpose, such as to harass or cause unnecessary delay or needless increase in the costs of litigation. Specifically, Mr. Shook and the Trustee sought sanctions for Mr. Mitan's filing of the defamation claim against them in his Third-Party Counter-Complaint and his filing of the fraudulent conveyance and tortious interference claims against them in Visuron's and Casa Colonial's Third Amended Complaint. Mr. Shook and the Trustee contended that the claims were not warranted by existing law or extension or modification of existing law and that evidentiary support for the claims was lacking.

---

[1] According to the pleadings filed in the Chapter 7 proceedings, before Visuron and Casa Colonial filed their Third Amended Complaint, the land contract vendor had sought and received relief from the bankruptcy stay in order to allow the entry of the Writ of Restitution in the state court forfeiture proceedings. (Trustee's 11/10/06 Am. Mot. for Order Awarding Sanctions.) In November 2003, a Writ of Restitution was entered. (*Id.*) The Trustee subsequently received a court order to intercept and collect all rents being paid by Shopping Center tenants. (*Id.*)

In the meantime, on July 29, 2004, the Trustee filed an adversary proceeding against Visuron and Miproeast (A.P. 04-3121). In this proceeding, the Trustee sought a ruling that the conveyance from Casa Colonial to Visuron was a voidable insider preference, a fraudulent conveyance, or avoidable under 11 U.S.C. § 544, and that the bankruptcy estate therefore was entitled to recover Casa Colonial's interest in the land contract and its proceeds (i.e rent collected from the Shopping Center's tenants). On November 30, 2004, the Bankruptcy Court consolidated this adversary proceed with the earlier adversary proceeding filed by Visuron and Miproeast.

On August 16, 2005, Bankruptcy Court Judge Walter Shapero dismissed Mr. Mitan's defamation claim and Visuron's and Miproeast's tortious interference with contractual relations claim against Mr. Shook and the Trustee.

On October 19, 2006, the Trustee filed a motion for summary judgment with respect to the outstanding claims in the consolidated adversarial proceedings. In her motion, the Trustee argued that summary judgment should be entered against Visuron and Miproeast on their unresolved adversarial claims and in favor of the Trustee with respect to her adversarial claim, and that all rents collected and that may be due under landlord tenant actions from the Shopping Center tenants are the property of the bankruptcy estate. Visuron and Miproeast filed a cross-motion for summary judgment on December 26, 2006. Judge Opperman held a hearing on the parties' motions on January 10, 2007.[2]

---

[2]On January 9, 2007, Judge Opperman dismissed the Trustee's Third-Party Complaint against Keith Mitan and Teresa Mitan and the Trustee's Counter-Complaint

At the January 10 hearing, Judge Opperman held that, pursuant to 11 U.S.C. § 544, all rents collected from Shopping Center tenants and which may be due under landlord tenant actions were the property of Casa Colonial's bankruptcy estate. Judge Opperman thereafter issued a written order entering summary judgment against Visuron and Miproeast on their adversary proceeding and in favor of the Trustee on her action under Section 544. Visuron and Miproeast subsequently filed a motion for reconsideration, which Judge Opperman denied on February 27, 2007. Visuron and Miproeast then filed an appeal of Judge Opperman's rulings and Judge Shapero's earlier decision dismissing Visuron's and Miproeast's tortious interference claim and Mr. Mitan's defamation claim. *Visuron, et al. v. Corcoran, et al.*, Case No. 07-11052 (E.D. Mich.)

On August 6, 2007, this Court issued an Opinion and Order with respect to that appeal. The Court held that the appeal of Judge Shapero's order dismissing Visuron's and Miproeast's tortious interference claim and Mr. Mitan's defamation claim was untimely. With respect to Judge Opperman's decisions, the Court affirmed, concluding that the rent collected from the Shopping Center tenants constituted property of Casa Colonial's bankruptcy estate.

In the meantime, on November 6, 2006, the Trustee filed a motion asking the bankruptcy court to impose sanctions pursuant to Bankruptcy Rule 9011 against Mr. Mitan, his law firm, Visuron, Miprocom, and Miproeast. The Trustee filed an amended

---

against Visuron.

motion on November 10, 2006. In her motion, the Trustee argued that sanctions were warranted because the circumstances of the case indicated that the sole purpose of the bankruptcy filing and the claims subsequently filed by Mr. Mitan, Visuron, and Miproeast was to delay the effects of the forfeiture action by the land contract vendee.

On January 30, 2007, the Trustee filed a motion seeking authority to compromise Casa Colonial's existing claims against John E. McCaffery and JEM Investors, LLC which had been filed in a state court landlord tenant action and removed to the bankruptcy court as an adversary complaint to John E. McCaffery's Chapter 13 bankruptcy (A.P. 03-03162). The claims against John E. McCaffery and JEM Investors related to rent owed pursuant to a lease in the Shopping Center.

On February 8, 2007, the Trustee filed a Motion to Determine that All Causes of Action for Rents, Contractual Breaches, and Interference with Contractual Relationships Belong to the Bankruptcy Estate. In this motion, in light of the Bankruptcy Court's ruling on January 10, 2007 that all property interests in the Shopping Center are property of Casa Colonial's bankruptcy estate, the Trustee asked the court to rule:

> 2. . . . [T]hat all causes of action for collection of past due rent, breach of contract, interference with contractual relations, or other causes of action resulting from the property interest in the Shopping Center are property of the bankruptcy estate.
>
> 3. That causes of action against tenants of the shopping center were improperly filed in the name of Visuron, which has no interest in the Shopping Center, and those causes of action are property of the bankruptcy estate.

8

> 4. That in those causes of action captioned in the name of Visuron, Case Colonial should be substituted for and in its place and stead, Casa Colonial being the proper party in interest, . . .
>
> 5. That Visuron be ordered to bring no further actions, and to cease and desist from interfering in the above proceedings, as well as in A.P. 04-03004-dof, Collene K. Corcoran v. Werner Kneipp, and A.P. 03-03162-dof, Casa Colonial Limited Partnership v. John E. McCaffery, et al.

On March 6, 2007, Judge Opperman held a hearing on the motions set forth in the preceding paragraphs.

At the motion hearing, Judge Opperman granted the Trustee's motion to impose sanctions against Mr. Mitan and imposed initial sanctions in the amount of $25,000. Judge Opperman reserved ruling on whether additional sanctions up to and including $200,000 would be imposed, stating that an additional sanction would be imposed if it came to the Court's attention by the Trustee's motion and supporting affidavit that further sanctionable activity occurred. On May 23, 2007, Judge Opperman issued a written order granting the Trustee's motion. Mr. Mitan subsequently filed a motion for reconsideration, which Judge Opperman denied on September 6, 2007. Mr. Mitan's appeal in Civil Action No. 07-14020 followed.

At the March 6 motion hearing, Judge Opperman also granted the Trustee's Motion to Determine that All Causes of Action for Rents, Contractual Breaches, and Interference with Contractual Relationships, Belong to the Bankruptcy Estate. The

bankruptcy court reasoned that, given its prior ruling that all rents collected and due from Shopping Center tenants were property of Casa Colonial's bankruptcy estate, the relief requested by the Trustee in the pending motion should be granted. On May 23, 2007, Judge Opperman issued a written order granting the Trustee's motion. Visuron filed a motion for reconsideration, which Judge Opperman denied on September 6, 2007.

A few weeks earlier, on May 4, 2007, Judge Opperman issued a written order granting the Trustee's Application for Authority to Compromise Rent Claims with JEM Investors. The order provides *inter alia* that Visuron may purchase the claim that the bankruptcy estate has against JEM Investors for the sum of $ 5,000, payable on or before April 25, 2007. The order further provides that if Visuron fails to make payment on or before April 25, 2007, the Trustee shall file a statement of non-payment with the court and the authority to compromise the claim with JEM Investors is approved without further hearing. Visuron thereafter filed a motion for reconsideration which Judge Opperman denied on September 6, 2007. In Civil Case No. 07-13895, Visuron appeals these orders and Judge Opperman's orders with the respect to the Trustee's Motion to Determine that All Causes of Action for Rents, Contractual Breaches, and Interference with Contractual Relationships, Belong to the Bankruptcy Estate.

### III. Analysis

#### A. Keith Mitan's Motion for Peremptory Reversal in Civil Action No. 07-14020

In this appeal challenging Judge Opperman's orders granting the Trustee's motion

for sanctions against him, Mr. Mitan argues that the bankruptcy court erred because the Trustee failed to comply with the "safe harbor" provisions of Bankruptcy Rule 9011.  Mr. Mitan acknowledges that the Trustee filed and served two notices of intent to seek sanctions against him before filing the motion for sanctions.  However, relying upon the Advisory Committee Notes to corresponding Federal Rule of Civil Procedure 11 and *McKenzie v. Berggren*, 212 F.R.D. 513 (E.D. Mich. 2003), Mr. Mitan argues that informal notice is insufficient to comply with the rule and that the movant must serve the motion itself on the party against whom sanctions are sought at least twenty-one days before the motion is filed in court.  The Trustee argues in response that, where sanctions are sought for the filing of a bankruptcy petition, Bankruptcy Rule 9011 does not require service of a motion to seek sanctions before such a  motion is filed.

Bankruptcy Rule 9011 provides the following with respect to the initiation of a motion for sanctions:

> (1) How Initiated
>
>> (A) By motion
>
>> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b).  It shall be served as provided in Rule 7004.  The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, *except that this limitations shall not apply if the conduct challenged is the filing of a petition* in violation of subdivision (b). . . .

> (B) On court's initiative
>
> > On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

FED. R. BANKR. P. 9011(c). The rule further provides that sanctions may be imposed only after notice and a reasonable opportunity to respond. *Id.*

Having reviewed the transcript of Judge Opperman's ruling on the Trustee's motion for sanctions, this Court believes that the bankruptcy court relied primarily on the filing of the initial bankruptcy petition to impose sanctions against Mr. Mitan. Judge Opperman indicated at the hearing on March 6, 2007:

> In this case the history is essentially long. The history of this case goes to a number of proceedings initiated at one time by Casa Colonial and then on Visuron, all at one time or another [which were] designed to slow down the process of a foreclosure or a forfeiture of a land contract. It's pretty much as simple as that.

(Trustee's Mot., Ex. E at 46.) Judge Opperman did state the following with respect to the general filing of a bankruptcy petition on the eve of a hearing on a writ of restitution in a foreclosure proceeding:

> Some of those actions were well within the boundaries of the law. I know it's maddening when you have a hearing on Monday and you get a bankruptcy notice on Friday that that stops you from taking certain action, but it happens. And that's why the Bankruptcy Code and that why the bankruptcy law is written.

(*Id.*) However, in his subsequent statements, Judge Opperman made it clear that he

believed the filing of the petition in Casa Colonial's case was done to interfere with the foreclosure proceedings and violated Bankruptcy Rule 9011.

As Judge Opperman "first note[d]" in rendering his ruling, the filings in the case before him were "hauntingly similar" to those in a case where the Sixth Circuit Court of Appeals affirmed the imposition of sanctions against Mr. Mitan and another attorney based on their filing of bankruptcy petitions in bad faith: *In re MRL Residential Leasing*, Case No. 96-1847, 1997 WL 453163 (6th Cir. Aug. 8, 1997) (unpublished opinion).[3] (Trustee's Mot., Ex. E at 47.) Judge Opperman further stated: "It's clear to this Court . . . that the lessons that the Sixth Circuit tried to teach, in this case to Mr. Mitan, and it also appears Mr. Sheehan [the second attorney sanctioned in *MRL*], have either one, never been learned, or two, forgotten, and that's regrettable." (*Id.* at 47-48.) Judge Opperman stated later in his ruling:

> So the Court comes to the conclusion that the Sixth Circuit's lessons that were well stated in this Court's mind, the case *MRL Residential Leasing*, found at 121 F.3d 709, a 1997 opinion of the Sixth Circuit involving this same attorney, involving similar procedures, similar methods to – slow down

---

[3]*In re MRL Residential Leasing* centered around a dispute involving the former residence of Teresa Mitan and creditor Investaid Corporation's interest in that property. When Teresa Mitan fell into default to Investaid, the latter commenced foreclosure proceedings. Shortly thereafter, Mr. Mitan and another attorney filed a bankruptcy petition on behalf of Teresa Mitan. There also was an attempt to assign a mortgage interest in the residence that was held by a corporation owned by Mr. Mitan and his brother to another entity, MRL Residential Leasing, Inc. ("MRL"), which then sued in state court to enjoin Investaid's foreclosure. That action was dismissed. The day before Investaid's foreclosure sale, Teresa Mitan quitclaimed her interest in the property to MRL and MRL filed for bankruptcy.

13

>	the process, have either one, never been learned, or two, have been forgotten.
>
>	So therefore it's this Court's conclusion that the motion for sanctions should be, ought to be, and will be granted.

(*Id.* at 49.) As this Court finds that Judge Opperman imposed sanctions against Mr. Mitan for engaging in conduct similar to that in *In MRL Residential Leasing*– specifically filing a bankruptcy petition in bad faith to delay state foreclosure proceedings– the Court concludes that the bankruptcy court had the power to grant the Trustee's motion for sanctions pursuant to Bankruptcy Rule 9011 even if the Trustee failed to satisfy the rule's safe harbor provisions.[4] The Court therefore affirms Judge Opperman's order imposing sanctions against Mr. Mitan and denying Mr. Mitan's motion for reconsideration of that order.

### B.  The Trustee's Motion for Dismissal, Costs, and Sanctions in Civil Action No. 07-13895

The Trustee moves to dismiss Visuron's appeal of Judge Opperman's decisions of May 4 and 23 and September 6, 2007, arguing that the issue that is determinative of those decisions was previously decided by this Court in Civil Action No. 07-11052 and that the appeal is therefore moot. Specifically the Trustee contends that, because this Court has

---

[4]But even if Judge Opperman's decision to impose sanctions against Mr. Mitan was based also on Mr. Mitan's filing of other claims in the bankruptcy case to stall the proceedings, this Court believes that reversal of the bankruptcy court's decision is not warranted. As indicated previously, Bankruptcy Rule 9011 allows a court to impose sanctions on its own initiative, provided such sanctions are imposed "after notice and a reasonable opportunity to respond." FED. R. BANKR. P. 9011(c). Mr. Mitan had notice that sanctions were being sought and he was allowed a reasonable opportunity to respond.

affirmed Judge Opperman's ruling that Casa Colonial's interest in the Shopping Center was property of the bankruptcy estate, "it is elementary that the causes of action for past due rent [from Shopping Center tenants], breaches of contract, and the like, belong to the bankruptcy estate." (Trustee's Br. in Supp. of Mot. at 2.) The Trustee further argues that Mr. Mitan's appeal is presented for an improper purpose and thus violates Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. She therefore seeks an award of costs and attorney fees.

In response, Visuron contends that Casa Colonial did not possess any rights in the Shopping Center by the time the second bankruptcy case was filed and that therefore the bankruptcy court "had no basis for entering the Order Granting Motion to Determine that All Causes of Action for Rents, Contractual Breaches, and Interference with Contractual Relationships, Belong to the Bankruptcy Estate." (Visuron's Resp. Br. at 2.) Visuron alternatively argues that some of the claims for unpaid rent were filed before Casa Colonial filed its bankruptcy petition and therefore the Trustee does not have a right as a hypothetical bona fide purchaser to those causes of action pursuant to 11 U.S.C. § 544(a), as that section only grants the Trustee the rights and powers of the debtor "as of the commencement of the case." (Visuron's Resp. Br. at 3, quoting 11 U.S.C. § 544(a).)

Visuron's arguments are precluded by this Court's decision in Civil Action No. 07-11052, in which the Court affirmed Judge Opperman's holding that the Trustee could avoid Casa Colonial's purported transfer of the land contract to Visuron– which necessarily included any purported transfer of Casa Colonial's interest in pending causes

15

of action for rent– as such unrecorded transfer was void against a bona fide purchaser under Michigan law. Thus, as of the commencement of the bankruptcy case, the Trustee obtained the rights to any pending causes of action for past due rent, contractual breaches, and interference with contractual relationships, regardless of whether those causes of action were initiated before Casa Colonial filed for bankruptcy. It is elementary that "[a]s 'legal and equitable interests,' causes of action that belong to the debtor constitute property of the estate under [11 U.S.C.] § 541(a)(1)." *In re Parker*, 499 F.3d 616, 624 (6th Cir. 2007).

With respect to the Trustee's request for sanctions, the Court is precluded from awarding sanctions pursuant to Federal Rule of Civil Procedure 11 because the Trustee failed to comply with the rule's safe harbor provisions. The Trustee, however, also seeks sanctions pursuant to 28 U.S.C. § 1927. That section provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

The Sixth Circuit construes the conduct for which sanctions are available under Section 1927 to "include conduct where 'an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims.'" *Shepherd v. Wellman*, 313 F.3d 963, 696

(6th Cir. 2002) (quoting *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986)). The Sixth Circuit also has held that sanctions under Section 1927 "are appropriate 'where an attorney has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by the member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Id*. (quoting *Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996)(internal quotation marks omitted)).

Perhaps if this Court were reviewing Mr. Mitan's appeal of the bankruptcy court's decisions in a vacuum, it would not conclude that he filed the appeal in order to "multipl[y] the proceedings . . . unreasonably and vexatiously." The Court, however, must evaluate Mr. Mitan's appeal in light of his conduct in the bankruptcy proceedings, as well as the actions taken in response to the land contract vendor's foreclosure proceedings. This includes the purported transfer of Casa Colonial's interest in the Shopping Center to a related third party (i.e. Teresa Mitan is the President of Casa Colonial and Visuron) in response to the filing of the foreclosure proceedings, the appeal of the state court's decision in the foreclosure proceedings to the Supreme Court, and the filing of the bankruptcy petition when those challenges to the state court's ruling proved unsuccessful. As Judge Opperman noted in the Chapter 7 proceedings, Mr. Mitan's behavior with respect to Casa Colonial's interest in the Shopping Center is "hauntingly similar" to the behavior in which he engaged in *In re MRL Residential Leasing* to protect Teresa Mitan's residence from a creditor's foreclosure proceedings– conduct for which he was sanctioned by the Sixth Circuit. Thus the Court believes that Mr. Mitan has used the

17

district court to needlessly extend a frivolous bankruptcy petition which was filed simply to forestall state foreclosure proceedings or to challenge a final state court decision. The Court therefore concludes that sanctions against Mr. Mitan are warranted pursuant to Section 1927. Upon presentation of a supporting affidavit, the Court will award the Trustee the reasonable costs and attorney's fees she has incurred defending against this appeal.

## IV. Conclusion

For the reasons set forth above, the Court **DENIES** Mr. Mitan's Motion for Peremptory Reversal in Civil Action No. 07-14020 and **AFFIRMS** Judge Opperman's Amended Order Awarding Sanctions and Order Denying Motion for Reconsideration of Amended Order Awarding Sanctions, dated May 23 and September 6, 2007, respectively. The Court further **GRANTS** the Trustee's Motion for Dismissal, Costs, and Sanctions in Civil Action No. 07-13895 and **AFFIRMS** the following decisions by the bankruptcy court: (1) the May 23, 2007 Order Granting Motion to Determine that All Causes of Action for Rents, Contractual Breaches, and Interference with Contractual Relationships, Belong to the Bankruptcy Estate; (2) the May 4, 2007 Order Allowing Compromise of Claim with JEM Investors, LLC; and (3) the September 6, 2007 Order Denying Motion for Reconsideration of Order Allowing Compromise of Claim with JEM Investors, LLC. The Court awards the Trustee her reasonable costs and attorney's fees in defending against Mr. Mitan's appeal pursuant to 28 U.S.C. § 1927.

**SO ORDERED.**

s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE

Copies to:
Thomas J. Budzynski, Esq.
Keith J. Mitan, Esq.
Hon. Daniel S. Opperman