UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re CASA COLONIAL LIMITED
PARTNERSHIP,

    Debtor,
_____/

VISURON LIMITED PARTNERSHIP,         Case No. 07-13895
                                                      Honorable Patrick J. Duggan

    Appellant,

v.

COLLENE K. CORCORAN,

    Appellee.

## OPINION AND ORDER DENYING APPELLANT'S MOTION FOR RECONSIDERATION OF ORDER AWARDING ATTORNEY'S FEES TO APPELLEE PURSUANT TO 28 U.S.C. § 1927

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 10, 2008.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

This matter is before the Court on Appellant Visuron Limited Partnership's motion for reconsideration, filed May 28, 2008. Appellant challenges the sanctions this Court imposed against its attorney, Keith Mitan, pursuant to 28 U.S.C. § 1927. The Court denies Appellant's motion because it was not timely filed and because the Court finds no palpable defect in its prior decision.

Eastern District of Michigan Local Rule 7.1(g) governs motions for

reconsideration. Pursuant to Rule 7.1(g)(1), a motion for reconsideration must be filed within ten days after entry of the order for which the movant is seeking reconsideration. *Id*.

In its pending motion, Appellant does not challenge the amount of the sanctions the Court imposed against Mr. Mitan in an order issued on May 13, 2008. Instead, Appellant challenges the Court's decision that sanctions against Mr. Mitan are warranted in this matter. (*See* Mot. at 2.) The Court made the latter ruling in an opinion and order issued on February 12, 2008. Appellant failed to file a motion for reconsideration within ten days of that opinion and order.

Nevertheless, even if Appellant's motion for reconsideration were deemed to have been timely filed, Appellant is not entitled to the relief he seeks.

Local Rule 7.1(g) sets forth the following grounds for relief:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g)(3). Thus the Court will grant a motion for reconsideration only if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002). A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain. *Fleck v.*

2

*Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). A motion that merely presents the same issues already ruled upon by the Court shall not be granted. E.D. Mich. LR 7.1(g)(3).

In this Court's opinion, a review of Appellant's motion for reconsideration does not reveal a "palpable defect" which "misled the court and the parties" or that correcting the defect would result in a different disposition of the case. Instead, Appellant raises the same issues and arguments that it presented in response to Appellee's motion to dismiss this bankruptcy appeal. (Doc. 8.) These issues and arguments were considered and rejected by the Court. (Doc. 10 at 15-16.)

Therefore, because the Court concludes that Appellant's motion for reconsideration was not timely filed and because there was no "palpable defect" by which the Court and the parties were misled, the Court **DENIES** Appellant's motion for reconsideration.

**SO ORDERED**.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:
Thomas J. Budzynski, Esq.
Keith J. Mitan, Esq.