UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re CASA COLONIAL LIMITED
PARTNERSHIP,

    Debtor,
_____/

Case Nos.    07-13895
                07-14020
Honorable Patrick J. Duggan
(Ch. 7 Case No. 03-31410)

## OPINION AND ORDER DENYING WITHOUT PREJUDICE KEITH MITAN'S MOTION FOR APPOINTMENT OF COUNSEL

In this matter, the bankruptcy trustee, Collene K. Corcoran ("Trustee"), has filed a motion to find Keith Mitan ("Mr. Mitan"), attorney for the debtor, in contempt of court due to his failure to pay sanctions imposed by this Court and the Sixth Circuit Court of Appeals. In her February 14, 2011 motion, the Trustee asks the Court to find Mr. Mitan in contempt of court and to impose appropriate relief and sanctions, including incarcerating Mr. Mitan until he cures the contempt. The Court has scheduled the Trustee's motion for hearing on April 21, 2011. On March 15, 2011, Mr. Mitan filed a motion asking the Court to appoint counsel to represent him in relation to the contempt motion.

The Supreme Court has interpreted the due process provisions of the Fifth and Fourteenth Amendments "as requiring, in many situations, that one who may be deprived of life or liberty in a court proceeding be afforded a reasonable opportunity to obtain counsel." 17 Am. Jur. 2d Contempt § 175 (2010); *see also Holt v. Virginia*, 381 U.S. 131, 85 S. Ct. 1375 (1965). If the risk to an individual's liberty is real, the right to counsel attaches regardless of whether the proceeding is civil or criminal in nature. *See*

*Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25, 101 S. Ct. 2153, 2158-59 (1981).  Where the individual is indigent, counsel must be appointed to represent him or her.  *See Sevier v. Turner*, 742 F.2d 262 (6th Cir. 1984).

In his motion for appointment of counsel, however, Mr. Mitan fails to allege, much less demonstrate, his indigency.  Moreover, at this juncture, the Court is not convinced that incarceration is the only means for securing his compliance with the orders of this Court and the Sixth Circuit Court of Appeals.  If the Court determines that it is the only way to achieve Mr. Mitan's cooperation, it will permit him the opportunity to renew his request for counsel.[1]

Accordingly,

**IT IS ORDERED**, that Keith Mitan's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**.


Date:March 29, 2011            s/PATRICK J. DUGGAN
                               UNITED STATES DISTRICT JUDGE

Copies to:
Thomas J. Budzynski

Keith J. Mitan
P.O. Box 251597
West Bloomfield, MI   48325-1597

---

[1]Therefore, at this time, Mr. Mitan should not respond to the Court's order by submitting documentation supporting his supposed claim of indigency.