UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re CASA COLONIAL LIMITED
PARTNERSHIP,

Debtor,
_____/

Case Nos. 07-13895
Honorable Patrick J. Duggan
(Ch. 7 Case No. 03-31410)

## OPINION AND ORDER

This matter arose as an appeal from proceedings in the United States Bankruptcy Court for the Eastern District of Michigan. It presently is before the Court on the bankruptcy trustee's attempts to collect $31,641.93 that the Sixth Circuit Court of Appeals awarded her as sanctions, attorney's fees, and costs against Keith Mitan. *In re Casa Colonial Ltd. P'ship*, 369 F. App'x 704 (6th Cir. 2010). More specifically, the matter is before the Court on the motions Mr. Mitan has filed to evade– as is his modus operandi– the Court's orders.

**Background**

When Mr. Mitan failed to pay the amount of the sanctions awarded by the Sixth Circuit, the bankruptcy trustee filed a motion for contempt. In response, Mr. Mitan pleaded indigence. Therefore, on August 25, 2011, this Court entered an "Order/Judgment for Fees and For Creditor[']s Exam." (Doc. 46.) The order/judgment, which was prepared by the Trustee's attorney Thomas Budzynski, contains the above case number but is titled: "Visuron Limited Partnership v. Keith Mitan."[1] (*Id*.) The

---

[1] In one of his pending motions, Mr. Mitan indicates that he filed objections to the
(continued...)

order/judgment provides *inter alia* that Mr. Mitan must submit for a creditor's exam within twenty days and that the attorney for the trustee "shall provide to Keith J. Mitan, a list of documents and information to be produced, and Keith J. Mitan shall produce all documents and information requested, ten (10) days in advance of the scheduled creditor's exam." (*Id*. at 1-2.)

On September 6, 2011, Mr. Budzynski mailed a notice of creditor's exam and request for production of documents to Mr. Mitan. (Doc. 52 Exs. A, B.) The notice required Mr. Mitan to appear for a creditor's exam at Mr. Budzynski's offices on September 21, 2011, and to produce the requested documents and information "NO LATER THAN September 12, 2011." (*Id*. Ex. A (emphasis in original).) Mr. Mitan refused to produce the requested documents and information but nevertheless appeared at Mr. Budzynski's offices on September 21.

Mr. Budzynski had not hired a court reporter for the September 21 exam, believing that the exam could not go forward in any meaningful fashion without Mr. Mitan's prior production of the requested documents and information. Nevertheless, Mr. Budzynski proceeded to place Mr. Mitan under oath and ask him questions concerning his assets. Mr. Budzynski tape-recorded the exam, which subsequently was transcribed by a certified

---

[1](...continued)
Trustee's proposed order/judgment before it was entered but they were lost by the clerk's office. He therefore re-filed his objections on August 29, 2011. By that time, however, the Court had signed the order. Mr. Mitan thereafter did not object to the order/judgment or alert the Court to his alleged timely-filed objections. Even if Mr. Mitan's objections should have been construed as objections to the order/judgment, they are frivolous.

stenographic reporter. (Doc. 61 Ex. A.) Mr. Mitan refused to answer Mr. Budzynski's questions regarding whether he owned a vehicle, where he obtained funds for gas, whether the home at the address where he claims to be living is a foreclosed residence, and who owns the car he used to drive to the creditor's exam. (*Id*.) Mr. Mitan also refused to acknowledge that he owns a Jaguar automobile that the Michigan Secretary of State's records indicate belongs to him. (*Id*.)

## Pending Motions

In the meantime, on September 12, 2011, Mr. Mitan filed a motion for protective order in response to Mr. Budzynski's notice of the creditor's exam and request for the production of documents. (Doc. 52.) Mr. Mitan raises two arguments in support of his motion. First Mr. Mitan contends that the request for documents violates the Court's August 25, 2011 order/judgment because it required him to produce documents nine days instead of ten days before the scheduled exam. Second he argues that requests for certain documents and/or information subject him to "annoyance, oppression, and undue burden" and thus an order should be issued protecting him from providing those documents and/or information. (Doc. 52 at 3, citing Fed. R. Civ. P. 26(c)(1).) Mr. Mitan specifically objects to only three of the twenty-four requests in Mr. Budzynski's request for production of documents: Request Nos. 13, 17 and 20. (*Id*. at 3-4.)

Request No. 13 states: "Prove [sic] the location, name and legal description, including state and common address of each parcel of real estate in which your family has had an interest since 2000." (*Id*. Ex. B.) Mr. Mitan contends that financial information

relating to non-parties is entitled to protection. Request No. 17 states: "Provide a detailed list of each piece of furniture you own or use." (*Id.*) Mr. Mitan argues that, pursuant to Michigan Compiled Laws § 600.6023(1)(b), "all of a debtor's 'furniture . . . not exceeding in value $1,000' is exempt from levy and sale under execution." (Doc. 52 at 3.) Finally, Request 20 states: "Provide a detailed list of all personal property owned by you currently in the last 5 years including clothes, records, tv radios etc". (*Id.* Ex. B.) Mr. Mitan argues that, pursuant to Michigan Compiled Laws § 600.6023(1)(a), "'all wearing apparel' is exempt from levy and sale under execution." (*Id.* at 3.)

On September 12, 2011, Mr. Mitan also filed a motion pursuant to Federal Rule of Civil Procedure 60 or, in the alternative, for leave to file a counterclaim. (Doc. 53.) In this motion, Mr. Mitan seeks relief from the order/judgment entered on August 25, 2011, based on the objections he filed to the proposed order. Alternatively, Mr. Mitan argues that he should be granted leave to file a counterclaim as he is identified as a defendant in the heading of the order/judgment. Both of Mr. Mitan's motions are frivolous.

Turning first to Mr. Mitan's motion for a protective order, there is no basis for granting him relief. The requirement in the August 25, 2011 order/judgment that Mr. Mitan produce documents ten days prior to the scheduled creditor's exam was not for Mr. Mitan's benefit. In light of Mr. Mitan's gamesmanship in prior judicial proceedings, the requirement was included to provide Mr. Budzynski a sufficient opportunity to review Mr. Mitan's documents and information before the exam. The fact that Mr. Budzynski gave himself one less day to review the documents and information did not relieve Mr.

Mitan of his obligation to comply with the request and to argue otherwise is ridiculous. Mr. Mitan's remaining objections have no merit and/or do not excuse him from complying with Mr. Budzynski's requests.

Clothing was provided as only one example of the personal property that Mr. Budzynski asked Mr. Mitan to list and the Court finds it difficult to conclude that requiring Mr. Mitan to list clothing constitutes "annoyance, oppression, and undue burden." Furniture exceeding $1,000 in value is not exempt and thus it was not improper for Mr. Budzynski to request a list of Mr. Mitan's furniture. Finally, Mr. Mitan has demonstrated in this case and in other proceedings a tendency to transfer assets to family members to evade legal obligations. Thus Mr. Budzynski's inquiry into the real estate interests of Mr. Mitan's family members is reasonable.

With respect to Mr. Mitan's Rule 60 motion, as noted earlier, Mr. Mitan's objections to the Court's August 25, 2011 order/judgment are frivolous. Mr. Mitan does not dispute that he is obligated to pay the Trustee the amount set forth in the order/judgment. Reducing the award to a judgment was necessary for the Trustee to pursue collection of that amount when Mr. Mitan refused to pay. *See* Fed. R. Civ. P. 69(a)(1); M.C.R. 3.101. As to his alternative request to file a counterclaim, he is listed as a defendant on the order/judgment for purposes of collection, only. As he well knows, there has been no new complaint filed to trigger the opportunity to file a counterclaim.

## Conclusion

The Sixth Circuit Court of Appeals awarded sanctions against Mr. Mitan for

engaging in frivolous behavior, as this Court and the bankruptcy court did previously. Pursuant to that award, the Trustee is entitled to collect $31,641.93 from Mr. Mitan. The Trustee is further entitled to investigate Mr. Mitan's claim that he is unable to satisfy the award. Thus this Court has ordered Mr. Mitan to (1) produce all documents and information requested by the Trustee's attorney and (2) submit to a creditor's exam. Mr. Mitan's motion for protective order and motion for Rule 60 relief reflect yet another frivolous attempt by Mr. Mitan to evade his legal obligations.

Accordingly,

**IT IS ORDERED**, that Keith Mitan's Motion for Protective Order and Motion for Relief Pursuant to Federal Rule of Civil Procedure 60 or, in the Alternative, for Leave to File CounterClaim (Docs. 52 and 53) are **DENIED**;

**IT IS FURTHER ORDERED**, that Mr. Mitan shall produce all documents and information requested in the Request for Production of Documents (Doc. 52 Ex. B) **within ten (10) days** of the date of this Opinion and Order;

**IT IS FURTHER ORDERED**, that Mr. Mitan shall submit to a creditor's exam to be re-scheduled by Mr. Budzynski **prior to December 8, 2011**;

**IT IS FURTHER ORDERED**, that a hearing on the Trustee's Motion to Find Keith Mitan in Contempt of Court (Doc. 61) is scheduled for **December 14, 2011 at 3:00 p.m.** in Courtroom 867.

Dated: October 25, 2011            s/PATRICK J. DUGGAN
                                   UNITED STATES DISTRICT JUDGE

Copies to:
Keith Mitan
P.O. Box 251597
West Bloomfield, MI 48325-1597

Thomas J. Budzynski, Esq.